# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 14-1081** (Braxton County 14-F-34 & 14-M-1)

**Shawn Jarvis, Defendant Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shawn Jarvis, by counsel Teresa Monk, appeals the Circuit Court of Braxton County's September 23, 2014, order sentencing him to a cumulative term of incarceration of two years. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in imposing his sentence because it is disproportionate to the crime and because the circuit court relied on alleged consensual contact between petitioner and the victim in determining his sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, a grand jury indicted petitioner on two felony counts of wanton endangerment, one misdemeanor count of domestic battery, and one misdemeanor count of obstructing an officer. These charges stemmed from an incident in which petitioner, while intoxicated, became irate with his girlfriend and threw her into a bedroom door and a dryer. Petitioner's girlfriend contacted law enforcement and informed them that petitioner was inside the residence with a loaded rifle. When law enforcement announced their presence through the front door, petitioner stated that the officers should not attempt to enter because he had a loaded firearm. This ultimately resulted in the officers evacuating adjacent residences for safety. Almost an hour after law enforcement arrived on the scene, petitioner exited the residence and was arrested, after which the officers discovered a loaded rifle next to the front door.

In August of 2014, petitioner entered into a plea agreement, whereby he would plead guilty to one misdemeanor count of brandishing a weapon and one misdemeanor count of domestic battery. During the plea hearing, the circuit court specifically told petitioner that he could be incarcerated for up to two years if the circuit court sentenced him to the maximum punishment for each crime and ordered them to be served consecutively. Further, as a condition of petitioner's bond, he was ordered to have no contact with the victim of the domestic battery, his girlfriend. In September of 2014, the circuit court sentenced petitioner to a total term of

1

incarceration of two years; twelve months of imprisonment for his conviction of domestic battery and a consecutive term of one year of imprisonment for his conviction of brandishing. Petitioner was also fined $1,500. It is from the sentencing order that petitioner appeals.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for his crimes are within the applicable statutory limitations. Specifically, West Virginia Code § 61-2-28(a) states that any person who is guilty of domestic battery "shall be confined in jail for not more than twelve months, or fined not more than $500, or both fined and confined." Similarly, West Virginia Code § 61-7-11 states that an individual convicted of brandishing "shall be fined not less than fifty nor more than one thousand dollars, or shall be confined in the county jail not less than ninety days nor more than one year, or both." As such, petitioner's sentences are not reviewable on appeal.

Moreover, the Court does not agree that the circuit court based petitioner's sentences on any impermissible factor. In support of this argument, petitioner asserts that the circuit court improperly enhanced his sentence upon an allegation that he had continued contact with, and may have been residing with, his girlfriend, who was the victim of his domestic battery. According to petitioner, despite this contact violating his bond restrictions, he argues that consensual contact with the victim was an improper factor upon which to base his sentence because it was not contained in the presentence investigation report and no hearing was held to determine if the allegation was true. However, we find no merit to this argument because the record clearly shows that petitioner's contact with the victim was not a factor relied upon in imposing sentence.

While it is true that the circuit court conferred with the probation officer at sentencing and mentioned that petitioner may have been residing with the victim, nothing in the record indicates that the circuit court relied on this information in imposing petitioner's sentence. To the contrary, the circuit court expressed a litany of reasons that it chose to impose this sentence, including the following: petitioner's "serious substance abuse problem" and anger management issues that remained untreated; petitioner's own denial of responsibility for his crimes, which involved physical aggression toward his girlfriend and threats to law enforcement with a firearm; and petitioner's potential threat to the public at large, among other factors. Further, the circuit court specifically stated that it believed giving petitioner probation or other alternative sentencing "would severely depreciate the seriousness of the offenses" for which petitioner was convicted. At no point in the lengthy explanation for its sentences did the circuit court include petitioner's contact with the victim in its list of factors upon which it based the sentences. As such, we find no error in petitioner's sentences below.

For the foregoing reasons, the circuit court's September 23, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II